UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANKIE WAYNE NEALY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-0959 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Frankie Wayne Nealy (TDCJ-CID No. 1714921), an inmate in the Texas Department of Criminal Justice-Correctional Institutions Division's Ellis Unit, filed this action seeking habeas corpus relief from a disciplinary conviction. (Docket No. 1.) After reviewing the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be dismissed for failure to state a claim on which relief may be granted.

## BACKGROUND AND CLAIMS

Petitioner asserts that he was denied due process of law in disciplinary proceeding number 20150155810 in which he was found guilty of fighting on February 9, 2015. (Id.) Petitioner states that he was assessed punishment of forty-five days lost good-time credit, forty days of recreation, commissary and telephone restriction, and a reduction in line class status. (Id.) Petitioner indicates in his petition that he is not eligible for mandatory supervision. (Id. at 5.) Petitioner also states, and public records confirm, that Petitioner was convicted of aggravated kidnapping and sexual assault in the 94th Judicial District Court of Neuces County, Texas, and

was sentenced to life imprisonment. (Id.) TDCJ-CID Website.[1] Under Texas law, an inmate is not entitled to release to mandatory supervision if he has previously been convicted of aggravated kidnapping under Section 20.04 of the Texas Penal Code. TEX. GOV'T CODE ANN. § 508.149(a)(4) (Vernon 2013).

## ANALYSIS

According to well settled precedent, sanctions that merely change the conditions of an inmate's confinement do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Limitations imposed upon commissary or recreational privileges, cell restriction, and temporary solitary confinement are the type of sanctions that do not pose an atypical or significant hardship beyond the ordinary incidents of prison life. *Id*. Moreover, a reduction in a prisoner's classification status and the potential impact on good-time credit earning ability, whether for purposes of parole or mandatory supervised release, are not protected by the due process clause. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

To challenge a prison disciplinary conviction by way of a federal habeas petition, a petitioner must have received a punishment sanction which included forfeiture of previously accrued good-time credits *and* be eligible for mandatory supervised release. *Id*. Because Petitioner is not eligible for mandatory supervised release, he has no constitutionally protected liberty interest in such release; therefore, he cannot challenge his disciplinary proceedings in under the Due Process Clause. Accordingly, no cognizable federal habeas claim is raised in this petition.

---

[1] http://offender.tdcj.state.tx.us/OffenderSearch/offenderDetail.action?sid=06110046 (viewed April 22, 2015).

CERTIFICATE OF APPEALABILITY

A Certificate of Appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). In other words, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). A district court may deny a Certificate of Appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons stated above, the Court determines that Petitioner cannot make a substantial showing of the denial of a constitutional right, therefore, a Certificate of Appealability from this decision will be denied.

CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Petitioner's Motion to Proceed *In Forma Pauperis* (Docket No. 2) is GRANTED.

2. Petitioner's application for writ of habeas corpus (Docket No. 1) is DENIED.

3. This action is DISMISSED with prejudice for failure to state a claim.

4. A Certificate of Appealability is DENIED.

5. All other pending motions, if any, are DENIED.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 23rd day of April, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE